**[Dkt. Nos. 710 and 730]**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### Camden Vicinage

_____
                                :
UNITED STATES OF AMERICA,       :
                                :
          v.                    : Crim. No. 14-699-08 (RMB)
                                :
KABAKA ATIBA                    : **OPINION**
_____:

    This matter comes before the Court upon Defendant Kabaka Atiba's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). [Dkt. No. 48]. Defendant Atiba is currently serving his sentence at the Bureau of Prisons facility in Morgantown, West Virginia, having served a little over one-half of his sentence. The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

    On October 12, 2016, Defendant pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). The Honorable Jerome B. Simandle sentenced him on October 13, 2017, to 120 months imprisonment to be followed by three years' supervised release.

    On November 16, 2020 and December 18, 2020, counselled Defendant filed a motion for a reduction of sentence pursuant to 18 U.S.C. §3582(c). [Dkt. Nos. 710 and 730]. In the Motions,

Defendant argues: (1) that his medical situation – specifically obesity, type II diabetes, hypertension, and high cholesterol – present extraordinary and compelling circumstances warranting relief;[1] (2) the BOP is ill-equipped to address the COVID-19 pandemic; and (3) Defendant could live at home with his wife and family where he can practice social distancing measures in a safer location.

The Government responds while Defendant's medical conditions may place him at a greater risk of severe illness should he contract COVID-19, the BOP is well equipped to treat Defendant's medical needs.   Moreover, it also has introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus.   It is set forth at length in the Government's Response. See Govt. Opp., Dkt. No. 736, at 6-11.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary

---

[1] He also has allergies and benign prostatic hyperplasia.

and compelling reasons" to reduce a sentence.  The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added).  As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  This is a statutory

requirement that this Court may not waive.  See, e.g., Raia,

2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d

Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

There is no disagreement that Defendant has exhausted his

administrative remedies.  United States v. Raia, Civ. No. 20-

1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).  The Court,

thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain

circumstances, once the exhaustion requirement has been

satisfied as it has here, grant a defendant's motion to reduce

his term of imprisonment "after considering the factors set

forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i)

"extraordinary and compelling reasons warrant such a reduction,"

and (ii) "such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A)(i).  The Defendant bears the burden to establish

that he is eligible for a sentence reduction.  United States v.

Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v.

Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement

addressing reduction of sentences under § 3582(c)(1)(A).  As

relevant here, the policy statement provides that a court may

reduce the term of imprisonment after considering the § 3553(a)

factors if the Court finds that (i) "extraordinary and

compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[2]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

(I)  suffering from a serious physical or medical condition,

(II)  suffering from a serious functional or cognitive impairment, or

---

[2] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

(III) experiencing deteriorating physical or mental
      health because of the aging process,

      that substantially diminishes the ability of the
      defendant to provide self-care within the
      environment of a correctional facility and from
      which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets

out other conditions and characteristics that qualify as

"extraordinary and compelling reasons" related to the

defendant's age and family circumstances. Id. § 1B1.13, cmt.

n.1(B)-(C).  The note recognizes the possibility that BOP could

identify other grounds that amount to "extraordinary and

compelling reasons." Id. § 1B1.13, cmt. n.1(D).

      Here, the Government concedes that given Defendant's

medical conditions of a BMI in excess of 30 and type II

diabetes, that Defendant is in a high risk category as defined

by the CDC.  Fortunately, the records reflect that Defendant is

being treated for his hypertension and high cholesterol.

      The Court's analysis does not end, however, once it finds

that the Defendant is in a high risk category.  The Court must

also consider the Section 3553(a) factors, as well as the BOP's

efforts to protect the Defendant and inmate population.

      On January 4, 2021, the Government advised there were 6

positive cases at Morgantown FCI, see Dkt. No. 737, although the

BOP website shows 41 as of this Opinion.  However, when

Defendant filed his motion, the BOP website showed 125 positive

inmates.  See Dkt. No. 730, at 7.  Moreover, the record before this Court does appear that the BOP is undertaking efforts to contain the COVID-19 outbreak.

The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors.  First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). Defendant's drug trafficking crime was excessive and long-term, working with co-conspirators as he cooked cocaine into crack cocaine. Ironically, the Defendant was employed by the very city whose community he helped to destroy.  The Government's description of Defendant as an unrepentant drug dealer is justified.

The "history and characteristics of the defendant" and the need to protect the public also counsel against granting the motion.  As set forth in the Government's opposition, the Defendant has little regard for the rule of law.  His criminal

history certainly reflects that.  The need for deterrence and
the need to punish the Defendant are of particular significance
in this case and, thus, weigh against reducing Defendant's
sentence.  This is not to say that the Court is unsympathetic to
Defendant's case.  The fear of contracting COVID-19 permeates
all of society.  But the medical care Defendant is receiving,
the measures put into place by the BOP to address and contain
the virus spread and the §3553 factors cannot warrant
Defendant's release.  Rather, they counsel in favor of continued
incarceration.

The Motion is therefore DENIED.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge

Dated: January 25, 2021